*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0092**

State of Minnesota,
Respondent,

vs.

Frederick Anthony Douglas,
Appellant.

**Filed December 8, 2014
Affirmed
Reilly, Judge**

Olmsted County District Court
File No. 55-CR-12-8183

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Mark A. Ostrem, Olmsted County Attorney, James P. Spencer, Assistant County Attorney, Rochester, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Julie Loftus Nelson, Special Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Stauber, Presiding Judge; Chutich, Judge; and Reilly, Judge.

**U N P U B L I S H E D   O P I N I O N**

**REILLY**, Judge

Appellant challenges his criminal sexual conduct convictions, asserting that the district court denied him a fair trial by rereading portions of the jury instructions

following questions from the jury rather than offering further instruction.  Because we conclude that the district court did not err in instructing the jury, we affirm.

## FACTS

In December 2011, 13-year-old N.M.R. traveled from her home in St. Louis, Missouri, to Rochester, Minnesota, to spend the holidays with her relatives.  N.M.R. stayed in her aunt's house with her grandmother, her aunt, and her aunt's family.  Appellant Frederick Anthony Douglas was married to N.M.R.'s aunt at the time and was her uncle by marriage.

On December 30, N.M.R. accompanied her aunt and appellant to a New Year's Eve party.  After returning home from the party, appellant asked N.M.R. to help him look for a missing cellphone downstairs in the laundry room, and she agreed.  While appellant and N.M.R. were looking for the cellphone, appellant hugged N.M.R. and began rubbing her back.  N.M.R. turned to walk out of the laundry room and appellant grabbed her by the arm and pulled her back toward him.  Appellant's pants were unzipped and his penis was exposed.  Appellant began rubbing his penis and put N.M.R.'s hand on top of his penis.  N.M.R. pulled her hand away and attempted to walk upstairs, but appellant grabbed her from behind and began rubbing her stomach underneath her shirt and whispering in her ear.  Appellant put his hand inside N.M.R.'s underwear and put his fingers inside of her vagina.  N.M.R. heard her aunt's footsteps upstairs and appellant released her.  N.M.R. went upstairs to her grandmother's room and told her grandmother and her aunt that appellant had touched her.

2

N.M.R. returned to St. Louis on approximately January 3, 2012. Upon her return home, Missouri Child Protection Services opened an investigation into N.M.R.'s case. In April 2012, an investigator with the City of Rochester received a report regarding a possible sexual abuse case. The City of Rochester investigator conducted interviews with N.M.R.'s grandmother and aunt in Minnesota. In June 2012, a forensic interviewer for the Children's Advocacy Services of Greater St. Louis received a referral for N.M.R.'s case and interviewed her on June 6. The state subsequently charged appellant with one count of criminal sexual conduct in the first degree pursuant to Minn. Stat. § 609.342, subd. 1(g) (2010), and one count of criminal sexual conduct in the second degree pursuant to Minn. Stat. § 609.343, subd. 1(g) (2010). A jury trial was held on July 29-31, 2013.

During the course of deliberations, the jury submitted three questions to the district court. First, the jury asked the district court for the "[d]efinition of penetration, any intrusion however slight. Does this require penetration of the vaginal opening? What does however slight mean?" After conferring with the attorneys, the district court called the jury back into the courtroom and reread the elements of criminal sexual conduct in the first degree. Later that day, the jury sent a second question to the district court, asking: "If the defendant had the intention to sexually penetrate the victim but does not complete the act of penetration, could the defendant still be convicted of count one of the charges?" Again, the district court consulted with the attorneys and stated that he would "read the instruction again . . . and encourage them to continue to review the instructions and discuss the case with one another in accordance with the instructions."

The district court reread the elements of the offense to the jury and excused them to deliberate further. The jury later returned with a third question, writing out word-for-word the definition of "intentionally" and asking if they could substitute that definition wherever they saw the word "intentionally" in the elements of the count. Again, after conferring with the attorneys, the district court referred the jury to the jury instructions and reread the definition of "intentionally."

The jury convicted appellant on both counts and the district court committed appellant to the Commissioner of Corrections at the Minnesota Correctional Facility in St. Cloud for 144 months. This appeal followed.

**D E C I S I O N**

A district court is allowed "considerable latitude" in selecting jury instructions. *State v. Smith*, 835 N.W.2d 1, 5 (Minn. 2013). A district court's decision regarding jury instructions will be upheld absent an abuse of discretion. *State v. Houston*, 654 N.W.2d 727, 734 (Minn. App. 2003). If a defendant fails to object to the jury instructions during trial, this court has the discretion to review the issue on appeal for plain error. *State v. Milton*, 821 N.W.2d 789, 805 (Minn. 2012).

Appellant argues that by failing to adequately answer the jury's questions of law during deliberations, the district court effectively relieved the state of its burden to prove all the elements of first-degree criminal sexual conduct beyond a reasonable doubt. Because appellant did not object to the jury instructions during trial, we review for plain error. Under the plain-error test elucidated by the Minnesota Supreme Court, the appellant must show (1) that there was an error, (2) that the error was plain, and (3) that

4

the error affected the defendant's "substantial rights." *Id.* If all three of these prongs are satisfied, then a reviewing court may decide whether to "address the error to ensure fairness and the integrity of the judicial proceedings." *Id.*

We first consider whether the district court erred in determining which instructions to read to the jury in response to questions arising during deliberations. *See id.* at 806. An instruction is erroneous if it materially misstates the law. *State v. Moore*, 699 N.W.2d 733, 736 (Minn. 2005). Thus, the jury instructions must define the crime charged and should explain the elements of the offense. *State v. Ihle*, 640 N.W.2d 910, 916 (Minn. 2002).

Regarding count one, the district court instructed the jury that an individual, who engages in sexual penetration with another person who is under 16, when the actor had a significant relationship with the other person, is guilty of the crime of first-degree criminal sexual conduct. Minn. Stat. § 609.342, subd. 1(g). The district court defined "intentionally" to mean that:

> [T]he actor either has a purpose to do the thing or cause the result specified, or believes that the act performed by the actor, if successful, will cause the result. In addition, the actor must have knowledge of those facts that are necessary to make the actor's conduct criminal and that are set forth after the word intentionally.

The district court then read each element of the offense.

For count two, the district court instructed the jury that an individual who engages in sexual contact with another person under the age of 16 and has a significant relationship with the other person is guilty of the crime of second-degree criminal sexual

conduct. Minn. Stat. §609.343, subd. 1(g). The district court repeated the definition of the word "intentionally" and read each element of the offense.

Appellant does not claim that the jury instructions were improper. Instead, appellant argues that the district court should have provided further clarification to the jury during deliberations when the jury asked the district court about the meaning of the word "intentionally." If a jury asks for additional instructions of law during their deliberations, the district court must give notice to the parties and provide an answer in the courtroom. Minn. R. Crim. P. 26.03, subd. 20(3). The district court may give the jury additional instructions or reread portions of the original instructions. *Id.* Here, the jury sent a note to the district court on three separate occasions. In each instance, the district court met with the attorneys and agreed to reread the relevant portions of the jury instructions without providing further instruction.

Upon review, we conclude that the district court properly recited the elements of the charged offenses in instructing the jury, and that those instructions "fairly and adequately" explained the law pertaining to each charge. *Milton*, 821 N.W.2d at 805. The district court did not err by rereading relevant portions of the jury instructions to the jury in response to their questions during deliberations. Because we determine that an error did not occur, we need not consider the remaining elements of the plain-error test.[1] *See id.* at 804.

---

[1] Appellant submitted a pro se supplemental brief on appeal. The pro se brief is unique because rather than asserting legal arguments or denials, appellant appears to take responsibility for his actions and apologizes to his victim.

6

Even if appellant could show that the district court erred, which we conclude it did not, we further find that appellant cannot demonstrate that any error was plain or affected his substantial rights. With respect to plain error, appellant claims that the jury had difficulty understanding the definition of "intention" and argues that the district court should have provided further clarification to the jury. Typically, a plain-error determination requires a showing that the error "contravenes case law, a rule, or a standard of conduct." *State v. Reed*, 737 N.W.2d 572, 583 (Minn. 2007). Because the district court correctly stated the nature of the charges, the elements of each charge, and the relevant definitions, we find that it did not contravene the law or otherwise clearly or plainly err in instructing the jury. Further, we find that appellant cannot satisfy the "heavy burden" of demonstrating that his substantial rights were affected, as the district court did not commit an error that was "prejudicial" or "affected the outcome of the case." *State v. MacLennan*, 702 N.W.2d 219, 236 (Minn. 2005).

**Affirmed.**